(92 South. 29)

## THOMAS v. STATE.  (6 Div. 929.)

(Court of Appeals of Alabama.  Jan. 17, 1922.)

**1. Criminal law ⚷⚏1168(1)—Failure to give general charge as to count on which defendant was acquitted not prejudicial.**

Where one indicted for grand larceny and receiving stolen property was acquitted of the latter charge, the court's refusal to give the general charge for him as to that count, was not prejudicial, even had it been erroneous.

**2. Criminal law ⚷⚏814(17)—Charge as to circumstantial evidence held inapplicable to facts.**

In a prosecution for grand larceny, which could have been committed by more than one person, the court properly refused to charge that no matter how strong may be the circumstantial evidence relied on accused's guilt is not established if the circumstances can be reconciled with the theory that some other person may be guilty, where the charge was not applicable to the facts.

**3. Criminal law ⚷⚏829(15)—Refusal of charge on circumstantial evidence covered by charges given not error.**

Refusal of a charge as to circumstantial evidence, covered by charges given is not error.

**4. Criminal law ⚷⚏829(3)—Argumentative charge as to sufficiency of proof of grand larceny properly refused where court had already fairly charged on law of larceny.**

In a prosecution for grand larceny, on the law of which the court fairly charged, an argumentative charge that the state must prove wrongful taking and carrying away of the personal property of another with a felonious intent to convert it to defendant's own use without the owner's consent was properly refused.

**5. Criminal law ⚷⚏811(3)—Charge that openness of defendant's conduct might be considered properly refused as singling out portion of evidence.**

In a prosecution for grand larceny, a charge that the openness of defendant's conduct in taking, keeping, or disposing of the property might be considered in determining his guilt or innocence was properly refused as singling out a portion of the evidence.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

L. B. Thomas was convicted of larceny, and he appeals. Affirmed.

The following charges were refused to the defendant:

(7) I charge you, gentlemen of the jury, that circumstantial evidence does not warrant a conviction unless to a moral certainty it excludes every reasonable hypothesis than that of guilt, and that, no matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may be guilty, then the guilt of the accused is not shown by the measure of proof required.

(8) I charge you, gentlemen of the jury, that, to justify a conviction on circumstantial evidence, the jury must be so convinced that each of them would venture to act on the decision in matters of the highest concern to himself.

(J) I charge you, gentlemen of the jury, that larceny is the wrongful taking and carrying away by any person of the mere personal property of another from any place, with a felonious intent to convert them to his own use and make them his own property, without the consent of the owner. But suspicious circumstances that all the above may be true will not do, but, in order to convict, the state must prove all the above to the entire satisfaction of the jury.

(K) I charge you, gentlemen of the jury, that the openness of the conduct of the defendant in taking, keeping, or disposing of the property is a circumstance that you may take into consideration in determining the guilt or innocence of the defendant.

Defendant was indicted under an indictment containing two counts. The first count charged grand larceny, and the second, buying or receiving stolen property knowing it to have been stolen. He was convicted under the first count, and from the judgment he appeals.

James Esale, of Birmingham, for appellant.

The court erred in refusing charge 7. 134 Ala. 86, 32 South. 703. The court erred in refusing charge 8. 115 Ala. 42, 22 South. 551. The court erred in refusing charges J and K. 130 Ala. 57, 30 South. 396; 12 Ala. App. 642, 68 South. 517.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The defendant having been acquitted of the charge under the second count of the indictment, the refusal of the court to give the general charge for defendant as to that count, if error, was without injury. However, in this case its refusal was not error.

[2] Under the facts in this case charge 7

was properly refused. The crime charged could have been and doubtless was committed by more than one person, and under the terms of the charge, if another was jointly guilty with defendant, the defendant should be acquitted. The charge was not applicable to the facts in this case.

[3] Charge 8 was amply covered by given charges 5 and 6 and by the general charge of the court.

[4] Charge J is an argument. The court had already and fairly charged on the law of larceny.

[5] Charge K singles out a portion of the evidence and is bad.

The rulings of the court upon the admission of testimony were without error.

We find no error in the record and the judgment is affirmed.

Affirmed.